IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RUSSELL MEYER,

    Plaintiff,                          No. CIV S-06-2584 LKK GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                 ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $10.70 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1   preceding month's income credited to plaintiff's prison trust account.  These payments will be
2   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
4          The court is required to screen complaints brought by prisoners seeking relief
5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9   U.S.C. § 1915A(b)(1),(2).
10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.
17         A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
22  a complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26         The complaint states a colorable claim for relief against defendants

1  Schwarzenegger, in his official capacity only, as well as against defendants Akintola, and Todd,
2  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
3        Plaintiff purports to sue as a class member in a class action brought in the
4  Northern District, " Plata v. Davis, (N.D. Cal.) CO1-1351 T E H," now proceeding "under a
5  permanent injunction (sub. nom. Plata v. Schwarzenegger.)"  Complaint (Cmp.), p. 9.  Plaintiff
6  claims membership in the class by virtue of being at prisoner at Mule Creek State Prison with a
7  serious medical condition.  Id.
8        As to defendants Davis, Tilton, Woodford, Alameida, Terhune, Cambra, Pickett,
9  Steinberg, Knowles, Brimhall, all of whom past and present officials plaintiff purports to sue
10  only in their individual capacities, the Civil Rights Act under which this action was filed
11  provides as follows:
12        Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
13        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
14        law, suit in equity, or other proper proceeding for redress.
15  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
17  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
18  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
19  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
20  omits to perform an act which he is legally required to do that causes the deprivation of which
21  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
22        Moreover, supervisory personnel are generally not liable under § 1983 for the
23  actions of their employees under a theory of respondeat superior and, therefore, when a named
24  defendant holds a supervisorial position, the causal link between him and the claimed
25  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
26  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

1  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
2  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
3  Cir. 1982).
4        Plaintiff states that defendants Davis, Tilton, Woodford, Alameida, Terhune,
5  Cambra, Pickett, Steinberg were responsible for the implementation, promulgation and/or
6  enforcement of regulations and policies related to health care services for all California Dept. of
7  Corrections and Rehabilitation (CDCR) inmates, and that defendants Campbell, Kernan,
8  Knowles and Brimhall were responsible for enforcing health care policies at Mule Creek State
9  Prison and for responses to prison grievances related to health care at MCSP.  Given that plaintiff
10 sues these officials only in an individual capacity, he has failed to sufficiently allege their
11 personal involvement in any constitutional deprivation to which plaintiff claims to have been
12 subjected.  Defendants Davis, Tilton, Woodford, Alameida, Terhune, Cambra, Pickett, and
13 Steinberg will be dismissed, and to the extent that plaintiff claims that defendants Campbell,
14 Kernan, Knowles and Brimhall were personally responsible for any constitutional deprivation
15 plaintiff suffered arising from their supervisorial responsibilities, these claims are dismissed, but
16 plaintiff will be granted leave to amend.  Plaintiff has also named Schwarzenegger as a defendant
17 in his individual capacity and, in this capacity only, he will also be dismissed as a defendant.
18       As to any claim for injunctive relief, just as it is not necessary to allege Monell[1]
19 policy grounds when suing a state or municipal official in his or her official capacity for
20 injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th
21 Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official
22 when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the
23 job duties of the named defendant.  All that is required is that the complaint name an official who
24 could appropriately respond to a court order on injunctive relief should one ever be issued.

---

26     [1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991). Plaintiff has named Gov. Schwarzenegger in his official capacity in this suit alleging that he has not been provided adequate medical care for his serious medical condition at Mule Creek State Prison, and that proper health care delivery has not been implemented at MCSP, pursuant to the Plata class action. Plaintiff has named the appropriate state official to respond to any potential court order regarding the permanent injunction in Plata, evidently the lead defendant in the class action, and need not name any additional defendant in an official capacity.

With regard to defendants Grannis, Sullivan, and his claims against Campbell, Kernan, Knowles and Brimhall, arising from their participation in the inmate appeals process, all of whom plaintiff sues only in their individual capacities, the gravamen against these individuals appears to be their failure to investigate the inmate appeals he filed with regard to his expressed need for physical therapy for chronic patellar tendonitis and for a lower bunk,[2] or to respond to the grievances in a manner plaintiff deemed appropriate. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even

---

[2] It is not clear that plaintiff actually filed a grievance that reached any of these defendants with regard to his request for a lower bunk.

the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[3]  Plaintiff's due process claims against these defendants will be dismissed but plaintiff will be granted leave to amend.

      Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

6

1  every injury in which a state official has played some part is actionable under that statute."

2  Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without

3  proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

4  (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance.  Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements.  Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams.  There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past.  Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory.  However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory.  If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

In this instance, plaintiff alleges that defendant Brimhall denied plaintiff's request for physical therapy for his patellar tendonitis on two dates in April, 2006, and that defendants Sullivan and Grannis denied his request for physical therapy on May 23, 2006. Cmp., pp. 19.  As to defendants Campbell and Kernan, he does not specify when these individuals denied his appeals.  Plaintiff has not set forth facts with regard to any of these defendants sufficient to suggest that they are liable to him under a ratification theory, and they will be dismissed on that ground as well, but plaintiff will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

7

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 10.70. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendant Schwarzenegger, in his individual capacity only, as well as all of his claims against defendants Davis, Tilton, Woodford, Alameida, Terhune, Cambra, Pickett, Steinberg, Knowles, Brimhall, Grannis, Sullivan, Campbell, Kernan are dismissed for the reasons discussed above with leave to file an amended complaint within thirty

1  days from the date of service of this Order.  Failure to file an amended complaint will result in a

2  recommendation that these defendants be dismissed from this action.

3              4.  Upon filing an amended complaint or expiration of the time allowed therefor,

4  the court will make further orders for service of process upon some or all of the defendants.

5  DATED: 4/10/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
meye2584.b1