IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RUSSELL MEYER,

    Plaintiff,                              No. CIV S-06-2584 LKK GGH P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed an amended complaint, seeking both money damages and prospective injunctive relief, alleging violations of his Eighth Amendment right to adequate medical care for defendants deliberate indifference to a tendonitis condition in the left knee. By concurrently filed order, the court has found plaintiff's amended complaint, appropriate for service. However, as to his claim against defendant Schwarzenegger in his individual capacity in the amended complaint, plaintiff does not cure the defect of his original complaint, failing to link his conduct to a constitutional deprivation plaintiff claims to have suffered.

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the concurrently filed order, the court permits plaintiff to proceed against defendant Schwarzenegger in his official capacity with regard to his prospective injunctive relief claims, but plaintiff simply has not set forth how any conduct of defendant Schwarzenegger is directly linked to plaintiff's claims of inadequate medical care.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Schwarzenegger be dismissed as a defendant in his individual capacity only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/2/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
meye2584.fr