IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN RUSSELL MEYER,

    Petitioner,

  vs.                                      No. CIV S-06-2584-LKK-GGH P

ARNOLD SCHWARZENEGGER, et al.,

    Respondents.            ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a protective order, filed on February 24, 2009, to which defendants filed their opposition on March 13, 2009. Plaintiff seeks a protective order for deposition testimony.

Motion for Protective Order

        "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News, Inc. v. United States District Court-Northern District, 187 F.3d 1096, 1103 (9th Cir.1999). Rule 26(c), which governs the granting of a protective order, "authorizes a district court to override this presumption where 'good cause' is shown." San Jose Mercury

News, 187 F.3d at 1103. Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199 (1984).

To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir.2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992).

Additionally, a court will not grant a motion to seal documents unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir.2006). Compelling reasons that would outweigh the public's interest in disclosure include the likelihood the record would be used for an improper purpose, such as to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets. Nixon v. Warner Communications, 435 U.S. 589, 598, 98 S.Ct. 1306 (1978).

Plaintiff's motion is deficient for several reasons. First and foremost, plaintiff has brought this motion after the deposition testimony occurred, and the taking of the deposition is something plaintiff was attempting to avert. Plaintiff has also failed to set forth any arguments on how the deposition testimony will cause him harm.

It appears that plaintiff is seeking a protective order as a sanction against defendants for perceived discovery violations. Plaintiff alleges that defendants did not provide at least thirty (30) days notice for the deposition. Defendants correctly counter that pursuant to the court's August 21, 2008, discovery order, at least fourteen (14) days notice is required. It is

undisputed that defendant's provided plaintiff with nineteen (19) days notice.  Furthermore, the rest of defendant's conduct in arranging and carrying out the deposition was within the limits of the court's discovery order.   Plaintiff's motion is without merit.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a protective order, filed on February 24, 2009, is denied.

DATED: April 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
meye2584.po