1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN RUSSELL MEYER,

11                 Petitioner,

12        vs.                                No. CIV S-06-2584-LKK-GGH P

13   ARNOLD SCHWARZENEGGER, et al.,

14                 Respondents.              ORDER

15   _____/

16        Introduction

17                 Plaintiff is a state prisoner at Mule Creek State Prison (MCSP) proceeding pro se

18   with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's

19   motions to compel and for sanctions, filed December 2, 2008, (Doc. #53) and January 6, 2009,

20   (Doc. #59).  Defendants filed opposition to both motions.

21        December 2, 2008, Motion to Compel Discovery

22                 Plaintiff's motion involves the following twelve requests for production of

23   documents in his September 23, 2008, (Doc. #53, Exh. A) request:

24                      1.  His complete prison medical record.
                        2.  Complete guidelines for health care responsibilities at MCSP.
25                      3.  Complete guidelines for the health care review committee at MCSP.
                        4.  Complete guidelines for medical authorization review committee at MCSP.
26                      5.  Complete guidelines of restrictions placed on doctors at MCSP.

                                             1

6. Complete listing of the operation manual for medical treatment at MCSP.
7. Guidelines for offsite prisoner medical care and treatment at MCSP.
8. Complete record and procedures for the medical authorization review committee at MCSP
9. Complete record of the medical authorization review committee minutes pertaining to plaintiff's case.
10. Compete roster of the state personnel who were present during plaintiff's medical authorization review committee meeting.
11. Guidelines for Plata v. Schwarzenegger health care plans for the treatment of prisoners at MCSP.
12. All MCSP and CDCR guidelines and provisions for private consultation health care personnel not provided at MCSP.

Defendants' response did not address the individual requests but rather stated that because plaintiff addressed the request to a defendant not yet screened, the motion should be denied.[1] Now that the second amended complaint has been screened and this action continues solely on defendants Akintola and Brimhall, the requests for discovery are deemed directed to and served on defendants Akintola and Brimhall. Plaintiff's December 2, 2008, motion to compel is vacated, without prejudice. Defendants are ordered to respond to plaintiff's September 23, 2008, discovery requests, (Doc. #53, Exh. A) within twenty (20) days of service of this order. No extensions will be granted. After reviewing the record, the court notes that several of plaintiff's discovery requests, once narrowed, are reasonable and the court urges defendants to address these requests appropriately.

January 6, 2009 Motion to Compel Discovery

Plaintiff's motion in entitled, "Motion to Compel Defendants Not Responding to Objections". Apparently, plaintiff submitted requests for admissions to defendants. Defendants responded, but plaintiff took issue with several of the responses. Plaintiff wrote several letters to defendants, stating they had to respond to his objections. Defendants did not respond and plaintiff brought the instant motion to compel defendants to respond to plaintiff's objections.

---

[1] Defendants requested the court to screen the second amended complaint before providing discovery, despite the relevance of certain discovery requests to defendants Akintola and Brimhall who had previously been served.

2

1    The court will construe this as a motion to compel discovery.

2          Plaintiff attached the pertinent requests, the answers and his objection to the

3    answers.  Doc. #59, Exh. A.  It appears that defendants answered the requests to the best of their

4    ability and noted when a request was vague or unintelligible.  Despite plaintiff's efforts to clarify

5    the requests, a review of the material reveals that the questions remain vague and unintelligible.

6    The January 6, 2009, motion to compel is denied.

7          Sanctions

8          Plaintiff's requests for sanctions are without merit and are denied.

9          Accordingly, IT IS HEREBY ORDERED that:

10          1.  Plaintiff's December 2, 2008, Motion to Compel (Doc. #53) is vacated,

11   without prejudice.

12          2.  Plaintiff's twelve (12) requests in his September 23, 2008, request for

13   production of documents (Doc. #53, Exh. A) are deemed directed to and served on defendants.

14          3.  Defendants have twenty (20) days to respond to plaintiff's requests, (Doc. #53,

15   Exh. A) no extensions will be granted.

16          4.  Plaintiff's January 6, 2009, motion to compel (Doc. #59) is denied.

17          5.  Plaintiff's requests for sanctions are denied.

18          6.  Pursuant to the court's January 29, 2009, order, defendants' December 3, 2008,

19   motion for extension (Doc. #54) is dismissed as moot.

20   DATED: April 28, 2009

                                   /s/ Gregory G. Hollows

21

22                                 _____
                                   GREGORY G. HOLLOWS
                                   UNITED STATES MAGISTRATE JUDGE

23   GGH:AB
     meye2584.cpl

24

25

26